IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| **BUILDER SERVICES GROUP, INC.** | ) |
| **Plaintiff** | ) |
| v. | ) |
| **LONNIE DILLON, LAKE RESIDENTIAL COMMERCIAL INSULATION, LLC AND GOLEY INSULATION, INC.** | ) Case No.<br>) **JURY TRIAL DEMANDED** |
| **Defendants.** | ) |

## PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff Builder Services Group, Inc. ("BSG" or "the Company"), pursuant to Federal Rule of Civil Procedure 65(b) moves this Court for a temporary restraining order, and eventually preliminary and permanent injunctions, against Defendants. As grounds for this Motion, BSG submits its Complaint and attachments, its Suggestions in Support, and its Proposed Temporary Restraining Order, which are expressly incorporated herein, and states the following:

1. BSG has filed its Complaint and Suggestions in Support seeking to enjoin Lonnie Dillon ("Dillon") from further violation of his Employment Agreement ("Agreement") and Defendants Lake Residential Commercial Insulation, LLC ("LRC") and Goley Insulation, Inc. ("Goley") from tortiously interfering with the Agreement between Dillon and BSG, and from trade secret misappropriation pending a hearing and ruling on Plaintiff's request for a preliminary injunction.

2. BSG is suffering, and will continue to suffer irreparable harm in the form of loss of its established customer base unless the requested Temporary Restraining Order is entered.

3. The harm resulting to BSG if the requested relief is denied outweighs the potential harm to Defendants if such relief is granted.

4. There exists a substantial likelihood that BSG will prevail upon the merits in this case.

5. The public interest will best be served by entry of the requested Temporary Restraining Order.

6. Entry of the requested relief is otherwise just and proper.

WHEREFORE, Plaintiff BSG respectfully requests the entry of a Temporary Restraining Order that Dillon, and all other persons or entities who are in active concert or participation with him who receive actual notice of the Court's Order, be:

(a) ordered to immediately forward all calls to phone numbers (573-434-3588 and 816-760-2854) that are from BSG customers or potential customers to BSG's office phone number (573-557-9383);

(b) enjoined within the Restricted Territory, as defined in paragraph 6(f)[1] of the Agreement, from directly or indirectly either providing, selling, or marketing products or services that are the same or substantially similar to those offered by BSG, or be employed by or contract with any person or entity engaging in activities competitive with BSG (i) in the same or similar capacity or function in which Dillon worked for BSG; (ii) in any executive or senior management capacity, or; (iii) in any other capacity

---

[1] Under the Agreement, "Territory" is defines as "the area comprising a one hundred (100) mile radius from each location of the Company or its Affiliates at which Employee provided services or any district, region, or geographic territory, assigned to Employee or in which Employee otherwise worked at any time during the twenty–four (24) month period preceding the date of Employee's termination of employment."

in which the customer's goodwill that Dillon helped to develop on behalf of BSG or Dillon's knowledge of Confidential Information (as defined in paragraph 1 of the Agreement[2]) would facilitate or support Dillon's work for such competitor or competitive enterprise and;

(c) enjoined from the entry of an order from directly or indirectly providing, selling, or marketing products or services that are the same or substantially similar to those offered by BSG to any "Customer" (as defined in paragraph 6(e)[3] of the Agreement);

(d) enjoined from soliciting, recruiting, hiring, employing, contracting with or attempting to hire, employ or contract with any person who is an employee of BSG or its subsidiaries;

(e) enjoined from inducing or seeking to induce any of BSG's customers, independent contractors, general contractors, subcontractors, distributors, consultants, sales representatives, business partners, vendors, or suppliers to terminate their relationship with, or representation of BSG or its subsidiaries, or to cancel, withdraw, reduce, limit

---

[2] Confidential Information includes those "trade secrets and other confidential and proprietary information which the company has acquired and developed, and will acquire and developed a great effort and expense," including, "without limitation, confidential information, whether in tangible or intangible form, regarding the Company's products, services, marketing strategies, business plans, operations, costs, current or prospective customer information (including customer lists, requirements, creditworthiness, preferences and similar matters), product concepts, designs, specifications, research and development efforts, technical data and know-how, sales information (including pricing and other terms and conditions of sale), financial information, internal procedures, techniques, forecasts, methods, trade information, software programs, project requirements, inventions and all other information which is not generally known to those outside the Company."

[3] "Customer" is defined under the Agreement as "all customers and actively sought prospective customers of the Company and or any of its Affiliates with whom Employee had contact in the performance of Employee's duties at any time during the twenty-four (24) month period preceding the date of Employee's termination of employment.

or in any manner modify any such person's or entity's business with, or representation of, BSG or its subsidiaries for the purposes of competing with BSG or furthering activities competitive with BSG as described in paragraph 6(c)[4] of the Agreement; and

(f) ordered to immediately return to BSG any and all records and documents in whatever form (whether original, copied, computerized, or handwritten) that were in any way obtained by Dillon during the period of his employment with BSG, including but not limited to any records or documents containing BSG's Confidential Information as defined in paragraph 1 of the Agreement.[5]

Further, BSG respectfully requests the entry of a Temporary Restraining Order that Defendants LRC and Goley, and all other persons or entities who are in active concert or participation with them who receive actual notice of the Court's Order, be:

(a) enjoined from directly or indirectly employing, contracting with, or securing the services of Dillon in any Competitive Capacity as defined in paragraph 6(b) of the Agreement; and

---

[4] Paragraph 6(c) includes "any product or service offered by the Company or its Affiliates in the Territory or any product or service that indirectly or directly competes with or is substantially similar to such product or service. For illustrative purposes, these products may include insulation products, fireplaces, gutters, garage, doors, and closet shelving.

[5] Confidential Information includes those "trade secrets and other confidential and proprietary information which the company has acquired and developed, and will acquire and developed a great effort and expense," including, "without limitation, confidential information, whether in tangible or intangible form, regarding the Company's products, services, marketing strategies, business plans, operations, costs, current or prospective customer information (including customer lists, requirements, creditworthiness, preferences and similar matters), product concepts, designs, specifications, research and development efforts, technical data and know-how, sales information (including pricing and other terms and conditions of sale), financial information, internal procedures, techniques, forecasts, methods, trade information, software programs, project requirements, inventions and all other information which is not generally known to those outside the Company."

(b) enjoined from directly or indirectly soliciting, calling upon, contacting, initiating communications with any customer, vendor, or supplier of BSG's, or encouraging any such person or entity to terminate, place elsewhere, or reduce the volume of BSG's business based on confidential information Dillon obtained through his employment with Nathan's Insulation/Green Space Insulation, BSG or customer goodwill that Dillon helped to develop on behalf of Nathan's Insulation/Green Space Insulation, or BSG.

Lastly, Plaintiff requests an order setting a preliminary injunction hearing and allowing the parties to immediately proceed with discovery to prepare for that hearing.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ Michael Matula
Michael L. Matula    MO #47568
Jordan Kurdi        MO #72892
700 W. 47th St., Suite 500
Kansas City, MO  64112
Telephone:  816-471-1301
Facsimile:  816-471-1303
michael.matula@ogletree.com
jordan.kurdi@ogletree.com

**ATTORNEYS FOR PLAINTIFF**